# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| CHRISTOPHER R. DELL WEAVER, | CV 10-61-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS and RECOMMENDATIONS |
| UNITED STATES CUSTOMS & BORDER PROTECTION, CRAIG EISENBERG, ROSS LYLE, and JOHN DOE, | |
| Defendants. | |

_____

Defendants United States Customs and Border Protection ("Customs"), Craig Eisenberg, and Ross Lyle ("Defendants") move under Federal Rule of Civil Procedure Rule 12(b)(1) and (6) to dismiss Plaintiff Christopher R. Dell Weaver's ("Weaver") Complaint. For the reasons discussed below, the Court recommends that the motion be granted.

## I. BACKGROUND

On May 1, 2009, Weaver was driving a truck transporting hay from Canada to the United States through the Port of Sweetgrass located on the border between Montana and Canada. Weaver states that both the Alberta, Canada and Montana "scales" officers approved the safety of his load. Nonetheless, Defendant John

1

Doe, a Border Patrol officer, apparently had concerns regarding the safety of the load on Weaver's truck and he "overturned" the approval granted by the Canadian and Montana officers. Weaver contends John Doe did not have authority to overturn that approval. Nonetheless, as a result Defendant Craig Eisenberg ordered Weaver to return to the Canadian and Montana scales officers. John Doe, however, had retained Weaver's driver's license and birth certificate. Therefore, Weaver had to return to the scales officers without proper identification. Weaver also states Eisenberg and Defendant Ross Lyle refused to identify John Doe by name for Weaver.

    Weaver alleges Defendants are liable for their conduct described in his Complaint. For his "cause of action" Weaver alleges he "was evicted from [his] home state and country without due process or the authority to overrule [the Montana] scales." Dkt. #1 at 5. The asserted cause of action apparently stems from Defendants' conduct in requiring Weaver to return to the "scales" after they found a concern with the safety of Weaver's load. Weaver alleges Defendants' conduct caused him stress and anguish, and he seeks compensation for his damages.

    On September 21, 2010, Weaver filed a separate document in this action entitled "Pleadings." Weaver's pleading supplements the factual matters

described in his Complaint, and further clarifies the legal authority for his claims.

In his September 21, 2010 pleading, Weaver references provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and alleges Defendants are liable under the FTCA for violations of Montana law as provided under 28 U.S.C. § 1346(b). Specifically, in view of John Doe's alleged lack of authority to overturn the decision of the Canadian and Montana scales officers, Weaver alleges that both John Doe and Eisenberg engaged in an abuse of process and malicious prosecution of Weaver by: (1) overturning the scales officers' decision and ordering Weaver to return to those officers, (2) "evicting" Weaver, (3) taking Weaver's identification documents knowing that Weaver would have difficulty getting around on the border complex without his identification, and (4) ordering Weaver to unload and reload the hay on his truck.

Weaver identifies the individual Defendants in his Complaint as follows: (1) John Doe is an unidentified individual employed as an official of the Border Patrol in Sweetgrass, Montana; (2) Craig Eisenberg is employed as a Cargo Chief of the Border Patrol in Sweetgrass; (3) Ross Lyle is employed as a Supervisor with the Border Patrol in Great Falls, Montana. Based on the context of Weaver's Complaint, the Court construes Weaver's allegations to assert that these individuals are all federal employees of the United States Customs and Border

Protection.

Defendants move to dismiss Weaver's Complaint. They filed their motion and brief on September 29, 2010, thus requiring Weaver to file a response by October 13, 2010. *See* Local Rule 7.1(d)(1)(B). Weaver has not filed a response brief, and his failure to do so is deemed an admission that Defendants' motion is well taken. *Id*.

## II. APPLICABLE LAW – MOTION TO DISMISS

A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Court's standard of review under Rule 12(b)(6) is informed by the

provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain: ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. Plausibility does not equate with "probability", but it requires "more than a sheer possibility that a defendant has acted unlawfully[,]" and factual allegations "that are 'merely consistent with' a defendant's liability" do not cross the line between possibility and plausibility. *Id*. Allegations which permit only an inference of the "mere possibility of misconduct" do not "show that the pleader is entitled to relief...." *Id*. at 1950 (quoting Rule 8(a)(2)). Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id*.

In considering a motion to dismiss the Court should follow a two-step process. The Court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 129 S. Ct. at 1950. Then, to the extent there exist "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Finally, because Weaver is proceeding *pro se* the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

### III. DISCUSSION

#### A. Jurisdiction

Liberally construing the allegations in Weaver's Complaint, together with the assertions in his September 21, 2010 "Pleading," the Court finds Weaver advances claims under the FTCA at 28 U.S.C. §§ 2672 and 2674.[1] Therefore, the

---

[1] The "Pleading" further elaborates upon Weaver's original Complaint and specifically identifies the FTCA. In view of Weaver's pro se status, the Court considers the pleading to be a supplemental pleading under Fed. R. Civ. P. 15(d).

Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1346(b)(1).

Additionally, the Court construes Weaver's allegations as advancing a claim for a violation of his rights protected by the Due Process Clause of the Fifth Amendment to the United States Constitution cognizable under authority of *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").  Therefore, the Court has jurisdiction over that claim under 28 U.S.C. § 1331 which provides jurisdiction for a civil action "arising under the Constitution [...] of the United States."

### B.    FTCA Claims

Defendants move to dismiss Weaver's FTCA claims on the grounds that (1) the individual Defendants are immune from liability for FTCA claims, and (2) Weaver's allegations fail to state a viable cause of action against the United States under the FTCA.  The Court agrees, and for the reasons discussed Weaver's FTCA claims should be dismissed.

#### 1.    Eisenberg, Lyle, and John Doe

The FTCA provides a plaintiff with a remedy "against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any [federal] employee [...] while acting within the scope of his office or employment[.]"  28 U.S.C. § 2672.  *See also* 28 U.S.C. §

1346(b)(1). The FTCA provides a remedy against the United States, as opposed to a remedy against the individual federal employee, and "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." 28 U.S.C. § 2679(b)(1).

The exclusivity of the FTCA remedy confers immunity on the individual federal employee whose tortious conduct gave rise to liability under the FTCA. *United States v. Smith*, 499 U.S. 160, 163 (1991). Specifically, § 2679(b)(1) "immunizes United States Employees from liability for their 'negligent or wrongful act[s] or omission[s] [...] while acting within the scope of [their] office or employment[.]'" *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993).

To establish that an individual was acting within the scope of his or her federal employment at the time of an event giving rise to a civil claim, the Attorney General can file a certification to that effect. 28 U.S.C. § 2679(d)(1). Once the certification is made, the action against the individual employee is deemed an action against the United States, and the United States is substituted as the party defendant. *Id.*; *Green*, 8 F.3d at 698.

A § 2679(d)(1) certification is ordinarily required to convert a state law tort action against an individual into a FTCA action against the United States if the

plaintiff has not expressly brought the suit under the FTCA. *Thomas v. Nicholson*, 561 F. Supp. 2d 1, 3 (D.D. Cir. 2008); *Matthews v. United States*, 805 F. Supp. 712, 715 (E.D. Wis. 1992). If, however, the action is expressly brought as a FTCA case, the certification may not be necessary. *Thomas*, 561 F. Supp. 2d at 4; *Matthews*, 805 F. Supp. at 715.

In this case, the Attorney General has not filed a formal certification under 28 U.S.C. § 2679(d)(1). The Court concludes, however, the absence of a certification in this case is not fatal to Defendants' arguments asserting that the individual Defendants are immune from liability, and that the United States should be substituted as the proper party.

As discussed above, Weaver expressly relies on provisions of the FTCA as the legal basis for the claims he advances against Eisenberg, Lyle, and John Doe in their respective capacities as federal Border Patrol officers. Furthermore, Defendants' motion argues that John Doe, Eisenberg, and Lyle are immune from liability under the FTCA because Weaver's Complaint alleges they are liable for conduct they committed while acting within the scope of their federal employment. The Defendants' position is, therefore, consistent with Weaver's allegations under the FTCA, and constitutes a judicial admission that John Doe, Eisenberg, and Lyle were acting within the scope of their federal employment at

the time they engaged in the conduct which Weaver alleges gives rise to liability.

Based on the forgoing, the Court concludes a formal certification under 28 U.S.C. § 2679(d)(1) is not necessary under the circumstances of this case. The record establishes that John Doe, Eisenberg, and Lyle were acting within the scope of their employment and, therefore, are entitled to immunity from liability with respect to Weaver's FTCA claims. The United States is thus properly substituted as the party defendant pursuant to 28 U.S.C. § 2679(d)(1) in place of Doe, Eisenberg, and Lyle. Therefore, the Court will proceed to consider whether Weaver's allegations state a viable claim for relief against the United States under the FTCA.

### 2. United States

The FTCA waives sovereign immunity for certain claims against the United States and imposes liability against it for negligence or wrongful acts or omissions "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Specifically, FTCA claims are permitted:

> against the United States [...] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Defendants argue Weaver's FTCA claims against the United States are

subject to dismissal because they fail to state a claim for relief under the law of Montana — the law of the place where the act or omissions alleged in Weaver's Complaint occurred. Defendants characterize Weaver's allegations as generally asserting he was wrongfully evicted from his home state and country, and they argue there exists no cause of action under Montana law that is analogous to Weaver's claim.

Weaver's allegations, however, more precisely assert causes of action for abuse of process and malicious prosecution which are cognizable under Montana law. In this regard, the FTCA expressly waives the United States' sovereign immunity for "acts or omissions of investigative or law enforcement officers of the United States Government[.]" 28 U.S.C. § 2680(h). Consequently, the FTCA provides a remedy against the United States for claims "arising [...] out of [...] abuse of process, or malicious prosecution[]" stemming from the conduct of federal investigative or law enforcement officers. 28 U.S.C. § 2680(h). United States customs officers fall within the category of "law enforcement officers" as contemplated under § 2680(h). *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000). The Court turns to consider whether Weaver has stated a claim for relief for either malicious prosecution or abuse of process.

### a. Malicious Prosecution

A cause of action for malicious prosecution requires a plaintiff to allege and prove the following six elements:

(1) a judicial proceeding was commenced and prosecuted against the plaintiff;

(2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;

(3) there was a lack of probable cause for the defendant's acts;

(4) the defendant was actuated by malice;

(5) the judicial proceeding terminated favorably for plaintiff; and

(6) the plaintiff suffered damage.

*Plouffe v. Montana Dept. of Public Health and Human Services*, 45 P.3d 10, 14 (Mont. 2002).

With respect to the first element of malicious prosecution, generally a "judicial proceeding" refers to a "proceeding before a competent court in the due course of law [or] administration of justice resulting in any determination or action on the part of the court." *State v. Lambert*, 538 P.2d 1351, 1352 (Mont. 1975) (citation omitted). It also "includes every proceeding of a judicial nature before a competent court or before a tribunal or officer clothed with judicial or quasi-judicial powers." *Id*. (citation omitted). At a minimum, a judicial proceeding must

be "civil, criminal[,] administrative or disciplinary in nature," and must involve a claim that is resolved by a neutral, third-party adjudicator. *McGuire v. Armitage*, 603 P.2d 253, 255-56 (1979) (construing claim filed with the Montana Board of Real Estate as a "judicial proceeding"), overruled on other grounds, *Ammondson v. Northwestern Corp*, 220 P.3d 1, 15 (Mont. 2009). *See also Hughes v. Lynch*, 164 P.3d 913 (Mont. 2007) (characterizing complaint filed with the Montana Human Rights Commission as a "judicial proceeding").

Weaver's allegations fail to state that either Doe, Eisenberg, or Lyle commenced and prosecuted any "judicial proceeding" against Weaver. Weaver does not allege, and the factual circumstances set forth in Weaver's Complaint do not suggest, that those Defendants filed or commenced any claim or complaint with any tribunal or officer clothed with judicial or quasi-judicial powers. Accordingly, Weaver's allegations fail to state a claim for malicious prosecution.

### b. Abuse of Process

Under Montana law, an abuse of process claim requires that a plaintiff must "show both '(1) an ulterior purpose and (2) a willful act in the use of process not proper in the regular conduct of the proceeding.'" *Ammondson v. Northwestern Corp*, 220 P.3d 1, 15 (Mont. 2009) (quoting *Hughes v. Lynch*, 164 P.3d 913, 919 (Mont. 2007)). An abuse of process claim, however, can only arises from, and in

13

the context of, the process of a legal or judicial proceeding in a court of law. *See Seipel v. Olympic Coast Investments*, 188 P.3d 1027 (Mont. 2008) (addressing abuse of process claim which arose from conduct that occurred in prior litigation in federal court); and *Judd v. Burlington Northern and Santa Fe Railway Co.*, 186 P.3d 214 (Mont. 2008) (same).

As discussed above, Weaver's allegations and the circumstances alleged in his Complaint establish that Defendants' alleged conduct did not occur in any prior legal proceeding. Absent the existence of any prior "proceeding," Weaver's allegations fail to state a claim for abuse of process.

Based on the forgoing, Weaver has failed to advance a cognizable claim against the United States under the FTCA. Defendants' motion should be granted in this respect.

### 3. United States Customs and Border Protection

Weaver advances claims against the United States Customs and Border Protection — an agency of the United States government. As discussed above, the FTCA provides the exclusive remedy for tortious conduct by the United states. "Although [FTCA] claims can arise from the acts or omissions of United States agencies [...] an agency itself cannot be sued under the FTCA." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The FTCA bars suits against federal agencies

on claims that would otherwise be cognizable under the FTCA. 28 U.S.C. § 2679(a). Therefore, Weaver's claims against Customs should be dismissed for lack of jurisdiction. *Craft*. 157 F.3d at 707.

### C. Weaver's *Bivens* Claim for Constitutional Violations

In *Bivens* the United States Supreme Court created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Therefore, Weaver's claim alleging Defendants violated his due process rights is properly construed as a *Bivens* claim.

#### 1. *Bivens* Action Against the Individual Defendants

Defendants Eisenberg, Lyle, and John Doe move to dismiss Weaver's *Bivens* claims on the asserted ground that they are entitled to qualified immunity. In reliance on *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), Defendants contend they are immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818.

In determining whether a defendant is entitled to qualified immunity the

courts follow a two-step inquiry. One prong of the inquiry requires the Court to determine whether the facts, taken in the light most favorable to the party asserting the injury, show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional right was violated, the Court need not proceed further with its inquiry. *Id*. at 201. If the Court finds the allegations support a violation of a constitutional right, the second prong of the analysis requires the Court to determine whether the subject constitutional right was clearly established. *Id*. A right is clearly established if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. 532 U.S. at 202.

The court has "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, __ U.S. __, 129 S. Ct. 808, 818 (2009). Under the circumstances of this case, the Court finds it is appropriate to first consider whether the facts Weaver alleges demonstrate the violation of a constitutional right.

Weaver alleges Defendants violated his due process rights. The standard for establishing a substantive due process violation is restrictive, as only "behavior by officials that 'shocks the conscience' has been held to deprive liberty in

violation of the due process clause of the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

> Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'"

*Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (citations omitted). The United States Supreme Court has reiterated that due process rights are violated when conduct is outrageous, shocks the conscience, violates "decencies of civilized conduct[,]" or is so "brutal and offensive that it did not comport with the traditional ideas of fairplay and decency." *Lewis*, 523 U.S. at 847 (internal citations and quotations omitted). The Court continued to explain that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id*. at 849 (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Instead, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id*.

Customs officers have broad statutory and regulatory inspection authority with respect to the entry of persons and cargo into the United States. Particularly

relevant to the analysis of whether any of Defendants' behaviors, as alleged by Weaver, rose to the conscience-shocking level on the day in question is 19 U.S.C. § 1467, which states in pertinent part as follows:

> Whenever a vessel from a foreign port or place or from a port or place in any Territory or possession of the United States arrives at a port or place in the United States ... the appropriate customs officer for such port or place of arrival may, under such regulations as the Secretary of the Treasury may prescribe ... cause inspection, examination, and search to be made of the persons, baggage, and merchandise discharged or unladen from such vessel, whether or not any or all such persons, baggage, or merchandise has previously been inspected, examined, or searched by officers of the customs.

19 U.S.C. § 1467.

In view of the broad inspection authority under § 1467 that Defendants possessed with respect to Weaver's entry into the United States, the Court concludes that as a matter of law Weaver's allegations, viewed in the light most favorable to Weaver, do not state a claim for the violation of his due process rights. Weaver alleges that, upon inspection, Defendants John Doe and Eisenberg found a safety concern with Weaver's load, and required Weaver to return to the Montana and Canadian "scales" apparently to address the safety concern they found. Weaver states that Defendants' conduct delayed him at the border crossing from 8:00 a.m. until 11:30 a.m. Additionally, Weaver alleges Eisenberg and Lyle refused to identify Defendant John Doe for Weaver. These allegations, taken as

true, do not describe behavior that is so egregious, outrageous, brutal, or offensive that it violated the decencies of civilized conduct, interfered with the rights implicit in the concept of ordered liberty, or shocks the conscious of a civilized society.  Consequently, the Court concludes Weaver's allegations do not present facts showing that Defendants' conduct violated a constitutional right.  Eisenberg, Lyle, and John Doe are entitled to qualified immunity, and their motion to dismiss should be granted in this respect.

### 2. *Bivens* action against the United States, Federal Agencies, and Federal Officers Acting in their Official Capacities

Defendants correctly assert that *Bivens* does not provide a remedy against the United States and its agencies — those entities cannot be held liable for alleged violations of constitutional rights under *Bivens*.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).  Similarly, a cause of action under *Bivens* can be maintained against an individual federal employee in his or her individual capacity only, but not in his or her official capacity because an official capacity claim "would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo de Desarrollo*, 482 F.3d at 1173.

Weaver's *Bivens* claims advanced against the United States Customs and

Border Protection are barred pursuant to *FDIC v. Meyer*, supra. Additionally, to the extent Weaver's claims against Eisenberg, Lyle, and John Doe under *Bivens* allege they are liable in their official capacities, those claims also should be dismissed. Defendants' motion should be granted in this respect.

## IV.   CONCLUSION

For the reasons discussed above, IT IS RECOMMENDED that Defendants' Motion to Dismiss should be GRANTED, and Weaver's Complaint should be DISMISSED.[2]

DATED this 19th day of November, 2010.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] In limited circumstances a plaintiff may use "John Doe" to identify individuals whose identities are not known prior to filing a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). A plaintiff is then afforded an opportunity to identify the unknown defendants through discovery "unless it is clear [...] that the complaint would be dismissed on other grounds." *Id*. (citations omitted). *See also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Weaver identifies Defendant John Doe as a federal employee or officer of the Border Patrol, and for the reasons discussed above Weaver's claims against John Doe can only be construed as claims advanced under either *Bivens* or the FTCA. Even if Weaver were to discover John Doe's true identity it is clear that Weaver's claims against him would be subject to dismissal for the reasons stated in this recommendation. Accordingly, this recommendation applies equally to Weaver's claims against John Doe.